UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MONICA MARIE WARREN, | ) |
| Plaintiff, | ) Case No.: 2:22-cv-00075-GMN-EJY |
| vs. | ) |
| | ) **ORDER** |
| TARGET CORPORATION et al., | ) |
| Defendants. | ) |

Pending before the Court is the Motion to Remand, (ECF No. 7), filed by Plaintiff Monica Warren ("Plaintiff"). Defendant Stoltz Management of Delaware ("Stoltz") filed a Response, (ECF No. 10), and Plaintiff filed a Reply, (ECF No. 12).

For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion to Remand.

## I.   BACKGROUND

This is a premises liability action removed from state court. Plaintiff alleges that on November 15, 2019, while exiting Target, Plaintiff slipped on a "hazardous substance" located on a curb and fell. (*See* Compl. ¶¶ 16–33, Ex. A to Pet. Removal, ECF No. 1-1). Plaintiff further alleges that as a result of the fall, Plaintiff suffered serious injuries, which required medical treatment. (*Id.* ¶ 19). Defendant Linsy Fusch ("Fusch"), the Executive Team Leader for General Merchandise at Target, documented the accident by completing an "Incident Report" and taking Plaintiff's statement. (Resp. 2:18–22, ECF No. 10). According to Plaintiff, Defendants had sufficient time to identify the hazardous substance, remove it, and maintain the premises.[1] (*See* Compl. ¶¶ 18–50). Based on a failure to take those actions, Plaintiff commenced this negligence action against Defendants in Clark County District Court, Nevada

---

[1] Defendant Target Corporation ("Target") owns the subject property, while Defendant Stoltz contracted with Defendant Target to manage the common areas of the shopping center. (Resp. 2:9–11).

on November 4, 2021, asserting claims for: (1) negligence; (2) respondeat superior; and (3) negligent hiring, training, and supervision. (*See* Compl. ¶¶ 15–50). On January 14, 2022, Defendants removed this action to federal court on the basis of diversity jurisdiction. (*See generally* Pet. Removal, ECF No. 1). Plaintiff now seeks to remand to state court. (*See generally* Mot. Remand, ECF No. 7).

## II.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

The federal removal statute provides that a defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441. "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

To remove a state law civil action to federal court based on diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"Nevertheless, one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Id*. "Although there is a general presumption against fraudulent joinder, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (internal citation and quotation marks omitted); *see also GranCare, LLC v. Thrower*, 889 F.3d 543, 549–51 (9th Cir. 2018). "[A] federal court must find that a defendant was properly joined and remand the case to state court if there is a 'possibility that a state court would find that the complaint states a cause of action against any of the non-diverse defendants.'" *Id*. (emphasis original) (quoting *Hunter*, 582 F.3d at 1046). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials Inc.*, 494 F.3d at 1206.

### III. DISCUSSION

Plaintiff, a citizen of Nevada, moves to remand this case to state court, arguing that Defendant Fusch is also a Nevada citizen, and therefore, destroys diversity. (Mot. Remand 3:16–18, 5:3–12, ECF No. 7). Defendant Stoltz does not dispute that Defendant Fusch is a Nevada citizen but argues that she was fraudulently joined in this action and her citizenship should be ignored for purposes of subject matter jurisdiction. (Resp. 3:9–25). Thus, the dispositive issue implicating the Court's jurisdiction is whether Plaintiff fraudulently joined Defendant Fusch.

"Fraudulent joinder is a term of art." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris*, 236 F.3d at 1067. "[A] federal court must find that a defendant was properly joined and remand the case to state court if there is a 'possibility that a

state court would find that the complaint states a cause of action against any of the non-diverse defendants.'" *GranCare, LLC.*, 889 F.3d at 548 (emphasis in original) (quoting *Hunter*, 582 F.3d at 1046); *see Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (explaining that the focus of a fraudulent joinder analysis "will be on whether the plaintiff can state a reasonable or colorable claim for relief under the applicable substantive law" (internal citations omitted)).

Here, Plaintiff's claims against Defendant Fusch are the same as those asserted against Defendants: (1) negligence; (2) respondeat superior; and (3) negligent hiring, training, and supervision. (Compl. ¶¶ 15–50, Ex. A to Pet. Removal).  To prevail on a negligence claim in Nevada, "a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009).

Under a theory of vicarious liability, a plaintiff alleges that the employer is liable for the negligence of its employee committed in the line and scope of employment. *See McCrosky v. Carson Tahoe Reg'l Med. Ctr.*, 408 P.3d 149, 153 (Nev. 2017) ("The general rule of vicarious liability is that an employer is liable for the negligence of its employee . . . .").  In this scenario, the employee breaches a duty of care it owes to the plaintiff, but the employer is held financially responsible for the employee's negligence. *See Glaster v. Dollar Tree Stores, Inc.*, No. 2:15-cv-00252, 2016 WL 128139, at *3 (D. Nev. Jan 12, 2016) ("Defendant has not shown that Plaintiff's negligence claim against [the employee] would be rendered invalid by the respondeat superior doctrine . . . . the fact that [the employer] can satisfy a judgment does not affect the facial validity of a negligence claim against [the employee]."); *Patton v. Wal-Mart Stores, Inc.*, No. 2:16-cv-244, 2016 WL 7378989, at *2 (D. Nev. Dec. 19, 2016) (finding that Wal-Mart's employee was not fraudulently joined, despite Wal-Mart's vicarious liability and

ability to satisfy a judgment, because the plaintiff alleged that the employee breached a duty of care the employee owed to the plaintiff).

Plaintiff argues that Defendant Fusch is negligent because she was "responsible for managing the subject Target location, including overseeing the maintenance and care of the curb," and that her mismanagement of the curb allowed a hazardous substance to remain on the curb. (Compl. ¶¶ 18–21); (Mot. Remand 7:26–27). According to Plaintiff, Defendant Fusch breached her duty to Plaintiff by not keeping the curb clear of slipping hazards, and this breach resulted in Plaintiff's severe injuries. (Compl. ¶¶ 22–26). Defendant Stoltz, in rebuttal, asserts that Defendant Fusch was an Executive Team Leader for General Merchandise but was not responsible for "overseeing the inspection and maintenance of the subject curb." (Reply 3:21–24, ECF No. 10).

Specifically, Defendant Stoltz argues that the allegations in Plaintiff's Complaint have no basis in fact and attempts to disprove those allegations by submitting a Declaration from Defendant Fusch. Defendant Fusch contends that on the day of Plaintiff's fall, she was solely "designated as the person who would document and investigate customer incidents that occurred within the store." (Fusch Decl. ¶ 2, Ex. A to Resp., ECF No. 10-1). Defendant Fusch decided to document Plaintiff's accident by completing an "Incident Report" when she learned that an ambulance would be needed despite the accident purportedly being outside the purview of her responsibilities because it was outside the store. (*Id.*)

The Court is unable to conclude that the claims against Defendant Fusch are wholly without merit because the facts carry with them reasonable inferences of personal responsibility based on her position with Defendant Target. The party seeking removal "bears a heavy burden of proving that the joinder of the in-state party was improper." *Hunter*, 582 F.3d at 1043. Given that Defendant Fusch was tasked with investigating incidents within Target and that she went outside to take Plaintiff's statement as part of filing an Incident Report, the Court

cannot find that the statements in Defendant Fusch's Declaration, standing alone, completely divorce Defendant Fusch from the allegations of the Complaint that she was responsible for maintaining the curb. *See Olvera v. Walmart, Inc.*, No. 2:22-cv-00107, 2022 WL 2177145, at *3 (D. Nev. June 15, 2022) (observing that a manager, whose only action in a slip-and-fall case was taking the victim's statement, could have potentially been held liable under respondeat superior for failure to recognize and remove the hazardous condition); *Schmidt v. CVS Pharmacy, Inc.*, No. 2:19-cv-01687, 2020 WL 5203590, at *3 (D. Nev. Sept. 1, 2020) (finding that a plaintiff raised a colorable negligence claim where the plaintiff alleged that a store manager managed and controlled a CVS property, and therefore owed a duty to invitees to maintain the premises).

The Court finds that Defendant Stoltz has failed to meet the heavy burden of establishing that Plaintiff fraudulently joined Defendant Fusch in this action. *See Hamilton Materials Inc.*, 494 F.3d at 1206 ("Fraudulent joinder must be proven by clear and convincing evidence."). It is possible that a state court would find that Plaintiff's Complaint raises a colorable negligence cause of action against Defendant Fusch. As such, the Court "must find that [Defendant Fusch] was properly joined and remand the case to state court." *Grancare, LLC*, 889 F.3d at 549. Accordingly, the Court grants Plaintiff's request to remand the case.[2]

///

///

///

///

///

---

[2] Having found that Plaintiff alleges a colorable negligence claim against Defendant Fusch, the Court need not address the claim for negligent training and supervision.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 7), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Target Corporation's Motion to Implead a Third-Party, (EFC No. 21), is **DENIED without prejudice as moot**.

**DATED** this __1__ day of October, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT